UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILFREDO RODRIGUEZ,<br><br>    Petitioner<br><br>    v.<br><br>T. CISNEROS,<br><br>    Respondent. | Case No. 2:22-cv-06540-MWF (GJS)<br><br>ORDER TO SHOW CAUSE RE: POSSIBLE DISMISSAL FOR UNTIMELINESS |

On September 12, 2022, Petitioner filed a 28 U.S.C. § 2254 habeas petition [Dkts. 1-2, "Petition"]. The Petition stems from Petitioner's 2018 conviction in Los Angeles County Superior Court Case No. KA113129 (the "State Conviction").[1] Petitioner alleges that he appealed the State Conviction to the California Court of Appeal and the California Supreme Court and raised the two claims now alleged in the Petition. A review of the relevant state court dockets shows that: following his conviction, Petitioner appealed, and the California Court of Appeal affirmed on November 30, 2020, with directions to correct the abstract of judgment; and Petitioner then filed a petition for review in the California Supreme Court, which

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Los Angeles County Superior Court, the California Court of Appeal, the California Supreme Court, and this District Court.

was denied on February 10, 2021.

Petitioner alleges that, almost a year later, he filed a trial court habeas petition mistakenly, *i.e.,* that he sought habeas relief in the state trial court rather than submitting a habeas petition to this Court. The record shows that Petitioner did file a habeas petition in the trial court on February 2, 2022, which was denied on March 14, 2022.

Almost six months later, on September 6, 2022, Petitioner signed the Petition, and he states that he placed it in the mail on that same date. The record shows that a correctional officer received the Petition for mailing on September 7, 2022, and the envelope in which it was received is postmarked September 8, 2022. The Clerk's Office received the Petition in the mail on September 12, 2022. Construing the record liberally, the Court will deem the Petition to have been "filed" on September 6, 2022, pursuant to the "mailbox rule."[2]

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." For the reasons set forth below, it appears that the Petition is untimely and thus subject to dismissal on that basis.[3]

## THE PETITION IS UNTIMELY ON ITS FACE

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1). This limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application

---

[2]   *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

[3]   The Court has assumed, for argument's sake, that the claims alleged in the Petition were exhausted through Petitioner's state direct appeal.

2

for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2).  Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the limitations period. *See, e.g., Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("A petition can also be timely, even if filed after the one-year period has expired, when statutory or equitable tolling applies.").

### A. The Accrual, And Running, Of Petitioner's Limitations Period.

Through its subparts (A) through (D), Section 2244(d)(1) contemplates four possible triggering dates for the accrual and commencement of a state prisoner's one-year limitations period.  The Supreme Court has described these as follows:

> § 2244(d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus." (Emphasis added.)  The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

*Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

Usually, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A), and that provision governs here based on the facts of record. Petitioner's judgment became "final," for purposes of Section 2244(d)(1)(A), on the date on which his State Conviction became final.  The California Supreme Court denied review on February 10, 2021.  Accordingly, under Section 2244(d)(1)(A), Petitioner's state conviction became "final" 90 days later, *i.e.*, on May 11, 2021, and his limitations period commenced running the next day.  *See* 28 U.S.C. § 2244(d)(1)(A); *Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009).  Therefore, assuming Section 2244(d)(1)(A) applies, Petitioner had until May 11, 2022, in which to file a timely federal habeas petition, absent statutory or equitable tolling.

3

**B. Statutory Tolling**

28 U.S.C. § 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Biggs v. Terhune*, 339 F.3d 1045, 1046 (9th Cir. 2003). Continuous tolling under Section 2244(d)(2) – commonly referred to as interval or gap tolling – is available only if a prisoner acted promptly in seeking relief at the next state court level. *See Pace*, 544 U.S. at 413-14.

As noted earlier, Petitioner filed a state habeas petition in the trial court on February 2, 2022, which was denied on March 14, 2022. The Court will apply Section 2244(d)(2) tolling to this petition. As of February 1, 2022 (the day before the trial court habeas petition was filed), Petitioner's limitations period had run for 266 days. When the limitations period recommenced running on March 15, 2022, after the trial court denied relief, Petitioner had 99 days left, namely, until June 21, 2022. He did not seek any further state habeas relief. Accordingly, given that the Petition was not "filed" until September 6, 2022, it is untimely by 77 days, absent equitable tolling.

**C. Equitable Tolling Is Not Available.**

The limitations period for Section 2254 petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2)

4

that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citation omitted); *see also Pace*, 544 U.S. at 418 & n.8. Both elements must be met. *Id.* at 418 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to receive equitable tolling, the petitioner must prove the above two requirements).

In order to demonstrate the first requirement for equitable tolling, diligence, the petitioner must show that "he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc).

The second equitable tolling requirement is a causation requirement. *Davis*, 953 F.3d at 597, 600. A petitioner must establish not only the existence of an extraordinary circumstance but also that it was, in fact, the cause of the untimely filing of the federal habeas petition. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *see also Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (a petitioner must show that the claimed extraordinary circumstances were the cause of his untimeliness); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (the extraordinary circumstance claimed must be the cause of the petition's untimeliness). "[I]t is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy." *Davis*, 953 F.3d at 600. "A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant*, 499 F.3d at 1061.

The Petition makes clear that Petitioner was aware of his deadline for seeking federal habeas relief some time ago and presently is aware of the equitable tolling requirement. In the Supplemental Brief filed in connection with the Petition [Dkt.

2], Petitioner states that he was in his institution's Segregated Housing Unit (SHU) from December 6, 2019, through June 7, 2021; when he was released, he had "knowledge of his deadline"; at that time, the law library was closed due to Covid-19; he lacked knowledge of how to proceed; he "erroneously" filed the trial court habeas petition in February 2022; and once he obtained law library access, he realized that he should have sought habeas relief in this District Court. Petitioner labels these events as extraordinary circumstances, asserts that he acted with due diligence, and asks that the timeliness bar be avoided as a result. [Dkt. 2 at 2-3.]

Petitioner's assertions are not made under penalty of perjury and, thus, lack evidentiary value. Assuming, however, that he could attest to them in a sworn manner if given the opportunity to do so, the Court will treat them as if they were sworn for argument's sake. Petitioner was released from the SHU approximately one month after his limitations period commenced running. There is no basis for finding that this one month or so overlap actually impeded him from pursuing federal habeas relief or that it constitutes an extraordinary circumstance for any reason.

With respect to Petitioner's complaint that he lacked law library access during his time in the SHU and thereafter for some unspecified period if time, Petitioner asserts that he knew of his federal habeas filing deadline all the while, but he does not state whether he took advantage of any opportunities his institution afforded him, such as paging books from the library or requesting a copy of a federal habeas form petition. "California prisons allow prisoners to check out library materials and, if in segregated housing, to use a legal paging system to request materials for in-cell study if they cannot attend the library." *Lara v. Yates*, No. C 06-3138 MHP, 2010 WL 760486, at *6 (N.D. Cal. Mar. 4, 2010); *Dossman v. Newland*, No. C 00-384 SI, 2009 WL 1357455, at *5 (N.D. Cal. May 13, 2009) (same). Under 15 CCR § 3123(c), when an inmate is unable to physically access the law library, he may request that library staff deliver legal materials to him through "law library paging."

1  Law library paging is available to inmates who are subjected to lockdown or
2  modified program situations, and library staff must deliver paged materials within
3  16 calendar days.  15 CCR § 3123(c)(3) & (e).  Thus, had Petitioner needed to
4  obtain any library materials in order to pursue federal habeas relief, he could have
5  done so through the legal paging system available to him.  There is no evidence that
6  he made any such effort during the unspecified period of time he claims that he
7  could not physically access the law library.
8      In addition, even without law library access, Petitioner was able to file a trial
9  court habeas petition in February 2022, while his limitations period remained open.
10 He does not explain how it is that he was able to file a state court habeas petition
11 even though he lacked physical library access.  *See Roberts v. Marshall*, 627 F.3d
12 768, 773 (9th Cir. 2010) (agreeing that the petitioner was not entitled to equitable
13 tolling based on his asserted extraordinary circumstance (mental incompetency)
14 when he "managed to file several petitions for post-conviction relief during the time
15 for which" he sought equitable tolling notwithstanding this alleged extraordinary
16 circumstance); *Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) (affirming
17 the conclusion that a claimed extraordinary circumstance did not warrant equitable
18 tolling, "[b]ecause [Gaston] was capable of preparing and filing state court petitions
19 [during the limitations period], it appears that he was capable of preparing and filing
20 a [federal] petition during the [same time]").
21     Petitioner fails entirely to provide any details of any specific action he took
22 during his time in the SHU or afterwards to pursue habeas relief, other than to note
23 his asserted mistake in pursuing state court habeas relief at a point in time when he
24 still had several months left in his limitations period.  Petitioner's vague, unsworn,
25 and unsupported statements that he lacked law library access and therefore made a
26 mistake in seeking state habeas relief are not sufficient to meet his burden of
27 proving that he was subjected to an extraordinary circumstance during the relevant
28 period of time that rendered it impossible for him to seek federal habeas relief.

        Nor are these bare assertions – bereft of any indication that Petitioner made any effort to exercise the rights actually available to him, even if more limited than pre-pandemic – sufficient to satisfy equitable tolling's diligence requirement. Petitioner also does not identify when it was he regained law library access. The trial court habeas petition was denied in mid-March 2022, yet Petitioner waited until early September 2022 to seek federal habeas relief based on claims already briefed by his appellate counsel. There is no evidence in the record about why Petitioner delayed almost six months after his state court petition was denied before coming to this Court, thereby allowing his remaining limitations period to elapse in the interim. As the Ninth Circuit made abundantly clear in *Smith v. Davis*, *supra*, equitable tolling is not available unless a petitioner was reasonably diligent in pursuing his rights not only during the pendency of the alleged extraordinary circumstance "but before and after as well." 953 F.3d at 598-99; *see also id.* at 599 n.9 (describing the foregoing "rule" as one that "requires an evaluation of a petitioner's diligence across the whole time involved").

        Finally, to the extent that Petitioner contends that his status as a pro se litigant and any related legal ignorance warrants equitable tolling, this is an insufficient basis for applying the doctrine. As the federal courts have repeatedly recognized, "[i]t is clear that pro se status, on its own, is not enough to warrant equitable tolling." *Roy v. Lampert*, 476 F.3d 964, 970 (9th Cir. 2006). Ignorance of the law and lack of legal sophistication do not constitute "extraordinary circumstances" warranting equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (collecting cases from other circuits and holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) (in the parallel 28 U.S.C. § 2255 context, rejecting a movant/prisoner's attempt to justify his lack of diligence based on his pro se status and lack of legal sophistication, and stating: "we have never accepted pro se representation alone or procedural ignorance as an excuse for

prolonged inattention when a statute's clear policy calls for promptness"); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey*, 556 F.3d at 1013 n.4 ("a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling").

For these reasons, the Court is unable to conclude that Petitioner's placement in the SHU and release one month into his limitations period, his asserted lack of law library access for some uncertain period of time, and/or his "mistake" in seeking state habeas relief actually caused Petitioner to be unable to seek federal habeas relief in a timely manner. On the present record, neither prong of the equitable tolling doctrine is satisfied and there is no basis for equitably tolling Petitioner's limitations period. Accordingly, the Petition is untimely on its face.[4]

\* \* \* \* \*

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed for untimeliness. By no later than **February 23, 2023**, Petitioner shall file a Response to this Order To Show Cause. In his Response, if Petitioner concedes that the Petition is untimely and therefore should be dismissed, he shall so state clearly. If Petitioner disputes that dismissal for untimeliness is warranted, he must explain clearly and in detail why the Petition is not untimely and provide any available competent evidence that establishes the timeliness of the Petition.

///
///
///

---

[4] District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012).

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action may be dismissed on the ground of untimeliness.**

**IT IS SO ORDERED.**

DATED: January 23, 2023.

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE