UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILFREDO RODRIGUEZ,<br><br>　　　　Petitioner<br><br>　　v.<br><br>T. CISNEROS,<br><br>　　　　Respondent. | Case No. 2:22-cv-06540-MWF (GJS)<br><br>ORDER: DISMISSING PETITION WITH PREJUDICE FOR UNTIMELINESS; AND DENYING A CERTIFICATE OF APPEALABILITY |

　　　　On September 12, 2022, Petitioner filed a 28 U.S.C. § 2254 habeas petition [Dkts. 1-2, "Petition"]. The Petition stems from Petitioner's 2018 conviction in Los Angeles County Superior Court Case No. KA113129 (the "State Conviction").

　　　　After reviewing the Petition and the state court dockets, on January 23, 2023, United States Magistrate Judge Gail A. Standish issued an Order To Show Cause [Dkt. 8, "OSC"], which directed Petitioner to show cause why the Petition should not be dismissed because, on its face, it appeared to be untimely. The OSC explained the reasons for this conclusion and expressly directed Petitioner to explain how the Petition is timely (if he so contended) and to provide any available competent evidence to establish timeliness. Petitioner has not filed a response to the OSC and the deadline for doing so has passed.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. In addition, district courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). For the following reasons, the Court has concluded that the Petition is untimely and, thus, must be dismissed.

## BACKGROUND

The Court has carefully reviewed the Petition and the relevant state court dockets and, as a result, has gleaned the following relevant information.[1]

Petitioner alleges that, following his conviction and sentencing, he appealed the State Conviction to the California Court of Appeal and the California Supreme Court and raised the two claims now alleged in the Petition. A review of the relevant state court dockets shows that: following his conviction, Petitioner appealed, and the California Court of Appeal affirmed on November 30, 2020, with directions to correct the abstract of judgment; and Petitioner then filed a petition for review in the California Supreme Court, which was denied on February 10, 2021.[2]

Petitioner alleges that, almost a year later, he filed a trial court habeas petition mistakenly, *i.e.,* that he sought habeas relief in the state trial court rather than

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Los Angeles County Superior Court, the California Court of Appeal, the California Supreme Court, and this District Court.

[2] The Court has assumed, for argument's sake, that the claims alleged in the Petition were exhausted through Petitioner's state direct appeal.

2

submitting a habeas petition to this Court. The record shows that Petitioner did file a habeas petition in the trial court on February 2, 2022, which was denied on March 14, 2022.

Almost six months later, on September 6, 2022, Petitioner signed the Petition, and he states that he placed it in the mail on that same date. The record shows that a correctional officer received the Petition for mailing on September 7, 2022, and the envelope in which it was received is postmarked September 8, 2022. The Clerk's Office received the Petition in the mail on September 12, 2022. Construing the record liberally, the Court will deem the Petition to have been "filed" on September 6, 2022, pursuant to the "mailbox rule."[3]

## THE PETITION IS UNTIMELY ON ITS FACE

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1). This limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the limitations period. *See, e.g., Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("A petition can also be timely, even if filed after the one-year period has expired, when statutory or equitable tolling applies.").

**A. The Accrual, And Running, Of Petitioner's Limitations Period.**

Through its subparts (A) through (D), Section 2244(d)(1) contemplates four possible triggering dates for the accrual and commencement of a state prisoner's

---
[3] *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

3

one-year limitations period. The Supreme Court has described these as follows:

> § 2244(d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus." (Emphasis added.) The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

*Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

Usually, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A), and that provision governs here based on the facts of record. Petitioner's judgment became "final," for purposes of Section 2244(d)(1)(A), on the date on which his State Conviction became final. The California Supreme Court denied review on February 10, 2021. Accordingly, under Section 2244(d)(1)(A), Petitioner's state conviction became "final" 90 days later, *i.e.*, on May 11, 2021, and his limitations period commenced running the next day. *See* 28 U.S.C. § 2244(d)(1)(A); *Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009). Therefore, assuming Section 2244(d)(1)(A) applies, Petitioner had until May 11, 2022, in which to file a timely federal habeas petition, absent statutory or equitable tolling.

**B. Statutory Tolling**

28 U.S.C. § 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Biggs v. Terhune*, 339 F.3d 1045, 1046 (9th Cir. 2003). Continuous tolling under Section 2244(d)(2) – commonly referred to as interval or gap tolling – is available only if a prisoner acted promptly in seeking relief at the next state court level. *See Pace*, 544 U.S. at 413-14.

As noted earlier, Petitioner filed a state habeas petition in the trial court on February 2, 2022, which was denied on March 14, 2022. The Court will apply Section 2244(d)(2) tolling to this petition. As of February 1, 2022 (the day before the trial court habeas petition was filed), Petitioner's limitations period had run for 266 days. When the limitations period recommenced running on March 15, 2022, after the trial court denied relief, Petitioner had 99 days left, namely, until June 21, 2022. He did not seek any further state habeas relief. Accordingly, given that the Petition was not "filed" until September 6, 2022, it is untimely by 77 days, absent equitable tolling.

**C. Equitable Tolling Is Not Available.**

The limitations period for Section 2254 petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citation omitted); *see also Pace*, 544 U.S. at 418 & n.8. Both elements must be met. *Id.* at 418 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to receive equitable tolling, the petitioner must prove the above two requirements).

In order to demonstrate the first requirement for equitable tolling, diligence, the petitioner must show that "he has been reasonably diligent in pursuing his rights

not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc).

The second equitable tolling requirement is a causation requirement. *Davis*, 953 F.3d at 597, 600. A petitioner must establish not only the existence of an extraordinary circumstance but also that it was, in fact, the cause of the untimely filing of the federal habeas petition. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *see also Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (a petitioner must show that the claimed extraordinary circumstances were the cause of his untimeliness); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (the extraordinary circumstance claimed must be the cause of the petition's untimeliness). "[I]t is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy." *Davis*, 953 F.3d at 600. "A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant*, 499 F.3d at 1061.

The Petition makes clear that Petitioner was aware of his deadline for seeking federal habeas relief some time ago and presently is aware of the equitable tolling requirement. In the Supplemental Brief filed in connection with the Petition [Dkt. 2], Petitioner states that he was in his institution's Segregated Housing Unit (SHU) from December 6, 2019, through June 7, 2021; when he was released, he had "knowledge of his deadline"; at that time, the law library was closed due to Covid-19; he lacked knowledge of how to proceed; he "erroneously" filed the trial court habeas petition in February 2022; and once he obtained law library access, he realized that he should have sought habeas relief in this District Court. Petitioner labels these events as extraordinary circumstances, asserts that he acted with due diligence, and asks that the timeliness bar be avoided as a result. [Dkt. 2 at 2-3.]

Petitioner's assertions are not made under penalty of perjury. Assuming,

however, that he could attest to them in a sworn manner if given the opportunity to do so, the Court will treat them as if they were sworn for argument's sake.

With respect to Petitioner's time in the SHU, he was released from the SHU approximately one month after his limitations period commenced running. There is no basis for finding that this one month or so overlap actually impeded him from pursuing federal habeas relief or that it constitutes an extraordinary circumstance for any reason.

With respect to Petitioner's complaint that he lacked law library access during his time in the SHU and thereafter for some unspecified period of time, Petitioner asserts that he knew of his federal habeas filing deadline all the while, but he does not state whether he took advantage of any opportunities his institution afforded him, such as paging books from the library or requesting a copy of a federal habeas form petition. "California prisons allow prisoners to check out library materials and, if in segregated housing, to use a legal paging system to request materials for in-cell study if they cannot attend the library." *Lara v. Yates*, No. C 06-3138 MHP, 2010 WL 760486, at *6 (N.D. Cal. Mar. 4, 2010); *Dossman v. Newland*, No. C 00-384 SI, 2009 WL 1357455, at *5 (N.D. Cal. May 13, 2009) (same). Under 15 CCR § 3123(c), when an inmate is unable to physically access the law library, he may request that library staff deliver legal materials to him through "law library paging." Law library paging is available to inmates who are subjected to lockdown or modified program situations, and library staff must deliver paged materials within 16 calendar days. 15 CCR § 3123(c)(3) & (e). Thus, had Petitioner needed to obtain any library materials in order to pursue federal habeas relief, he could have done so through the legal paging system available to him. There is no evidence that he made any such effort during the unspecified period of time he claims that he could not physically access the law library.

In addition, even without law library access, Petitioner was able to file a trial court habeas petition in February 2022, while his limitations period remained open.

7

He does not explain how it is that he was able to file a state court habeas petition even though he lacked physical library access. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (agreeing that the petitioner was not entitled to equitable tolling based on his asserted extraordinary circumstance (mental incompetency) when he "managed to file several petitions for post-conviction relief during the time for which" he sought equitable tolling notwithstanding this alleged extraordinary circumstance); *Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) (affirming the conclusion that a claimed extraordinary circumstance did not warrant equitable tolling, "[b]ecause [Gaston] was capable of preparing and filing state court petitions [during the limitations period], it appears that he was capable of preparing and filing a [federal] petition during the [same time]"). Thus, Petitioner's impaired law library access also has not been shown to be an extraordinary circumstance.

Petitioner fails entirely to provide any details of any specific action he took during his time in the SHU or afterwards to pursue habeas relief, other than to note his asserted mistake in pursuing state court habeas relief at a point in time when he still had several months left in his limitations period. Petitioner's vague, unsworn, and unsupported statements that he lacked law library access and therefore made a mistake in seeking state habeas relief are not sufficient to meet his burden of proving that he was subjected to an extraordinary circumstance during the relevant period of time that rendered it impossible for him to seek federal habeas relief.

Nor are these bare assertions – bereft of any indication that Petitioner made any effort to exercise the rights actually available to him, even if more limited than pre-pandemic – sufficient to satisfy equitable tolling's diligence requirement. Petitioner also does not identify when it was he regained law library access. The trial court habeas petition was denied in mid-March 2022, yet Petitioner waited until early September 2022 to seek federal habeas relief based on claims already briefed by his appellate counsel. There is no evidence in the record about why Petitioner delayed almost six months after his state court petition was denied before coming to

this Court, thereby allowing his remaining limitations period to elapse in the interim. As the Ninth Circuit made abundantly clear in *Smith v. Davis*, *supra*, equitable tolling is not available unless a petitioner was reasonably diligent in pursuing his rights not only during the pendency of the alleged extraordinary circumstance "but before and after as well." 953 F.3d at 598-99; *see also id.* at 599 n.9 (describing the foregoing "rule" as one that "requires an evaluation of a petitioner's diligence across the whole time involved").

Finally, to the extent that Petitioner contends that his status as a pro se litigant and any related legal ignorance warrants equitable tolling, this is an insufficient basis for applying the doctrine. As the federal courts have repeatedly recognized, "[i]t is clear that pro se status, on its own, is not enough to warrant equitable tolling." *Roy v. Lampert*, 476 F.3d 964, 970 (9th Cir. 2006). Ignorance of the law and lack of legal sophistication do not constitute "extraordinary circumstances" warranting equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (collecting cases from other circuits and holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) (in the parallel 28 U.S.C. § 2255 context, rejecting a movant/prisoner's attempt to justify his lack of diligence based on his pro se status and lack of legal sophistication, and stating: "we have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey*, 556 F.3d at 1013 n.4 ("a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling").

For these reasons, the Court is unable to conclude that Petitioner's placement in the SHU and release one month into his limitations period, his asserted lack of

law library access for some uncertain period of time, and/or his "mistake" in seeking state habeas relief actually caused Petitioner to be unable to seek federal habeas relief in a timely manner. On the present record, neither prong of the equitable tolling doctrine is satisfied and there is no basis for equitably tolling Petitioner's limitations period. Accordingly, the Petition is untimely on its face. Given that the Petition is untimely on its face, Rule 4 requires that it be dismissed summarily.

Accordingly, IT IS ORDERED that: the Petition is dismissed, with prejudice, for untimeliness; and Judgment shall be entered dismissing this action with prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability ("COA") is warranted in this case. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that a COA is unwarranted, and thus, a COA is DENIED.

**IT IS SO ORDERED.**

DATED: March 8, 2023

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE